BOYER, Judge,
dissenting.
I respectfully dissent. I cannot agree that the deposition was not “used”. The subject appeal is, as recited in the majority opinion, from a partial summary judgment. The summary judgment was entered pursuant to the executor’s motion which was filed pursuant to, and tracked the language of, Fla.R.Civ.P. 1.510. That rule specifically provides that summary judgment shall be entered only “if the pleadings, depositions, answers to interrogatories and admissions on file together with the affidavits, if any, shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” The trial judge is required by the rule to consider each of the pleadings, depositions, answers to interrogatories and admissions on file together with the affidavits, if any. Failure to consider each is error. If the subject deposition was considered, as it is required to have been, it necessarily follows that it was “used”. As recited in the majority opinion, the key issue involved in this appeal relates to whether or not the deposition of the executor was “used”. The trial court held that it was not. If it was not then the learned trial judge erred in entering the summary judgment without its use. If it was used then there was a waiver of the deadman statute.
I agree that since the affiant was not a party or interested person under F.S. 90.05 the executor’s use of the affidavit with attached letters was not a waiver of the deadman statute.
I would reverse.